UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>ANDRIES SNYMAN,<br><br>     Defendant. | CR. 16-50102-JLV<br><br>ORDER |

    Defendant Andries Snyman filed a notice of intent to call Dr. Ilan H. Meyer as an expert witness. (Dockets 58 & 61). The government opposes Dr. Meyer's proposed testimony. (Docket 68). The government argues defendant's expert notice fails to meet Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, Dr. Meyer does not satisfy the <u>Daubert</u>[1] requirements and the proposed testimony is inadmissible under Federal Rules of Evidence 401 and 403. <u>Id.</u> At the court's request, the parties submitted additional filings regarding the admissibility of Dr. Meyer's testimony. (Dockets 76, 77 & 78). The court finds Dr. Meyer's anticipated testimony is admissible.[2]

---

    [1]<u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993).

   [2]As the government points out, this ruling may impact the court's ruling on defendant's first motion *in limine*. (Docket 77 at pp. 5-6). If either party seeks to introduce the evidence at issue in that motion, counsel must bring that to the court's attention for a hearing outside the presence of the jury.

**A. Federal Rules of Criminal Procedure**

Based on defendant's filings, he has met the requirements of Federal Rule of Criminal Procedure Rule 16. (Docket 58, 61, 70, 76 & 78). These submissions sufficiently summarize Dr. Meyer's "opinions, the bases and reasons for the opinions, and [his] qualifications." Fed. R. Crim. P. 16(b)(1)(C).

**B. Daubert**

The admissibility of expert testimony is governed by Fed. R. Evid. 702. Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The United States Court of Appeals for the Eighth Circuit noted that the Supreme Court in Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993), "charged trial judges with acting as gatekeepers to exclude unreliable expert testimony." Robinson v. Geico General Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006).

"The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001) (citing Daubert, 509 U.S. at 592). Moreover, the Eighth

Circuit held that "doubts regarding 'whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998) (quoting Larabee v. MM & L Int'l Corp., 896 F.2d 112, 116 n.6 (8th Cir. 1990)). See also Sphere Drake Insurance PLC v. Trisko, 226 F.3d 951, 954 (8th Cir. 2000).

These legal principles do not support excluding Dr. Meyer from testifying in this case. Defendant's filings sufficiently demonstrate Dr. Meyer's proposed testimony is admissible expert testimony. (Docket 58, 61, 70, 76 & 78). Dr. Meyer has an extensive educational background in his field of expertise, and he publishes scholarly, peer-reviewed articles on social science subjects within that field. At best, the government raises "doubts" about the testimony, Clark, 150 F.3d at 915, which are properly addressed through "[v]igorous cross-examination and presentation of contrary evidence[.]" United States v. Dico, Inc., 266 F.3d 864, 872 n.8 (8th Cir. 2001).

### C. Federal Rules of Evidence

Evidence is relevant if it "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401. Under Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

3

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.

The government charged an "attempt" offense.   It is consequently the government's burden to prove beyond a reasonable doubt defendant intended to engage in sexual activity with the fictional youth with whom he was communicating and he knowingly and willfully took some action that was a substantial step toward bringing about or engaging in sexual activity.   The court draws this language from the court's jury instructions settled by the parties at the pretrial conference and the Model Jury Instructions for the District Courts of the Eighth Circuit.

Defendant's theory of the case is he did not form the requisite intent because, rather than intending to engage in sexual activity, he intended to meet with the 14-year-old boy to educate him on the dangers of encountering older men on gay dating applications and help him cope with the stress shared amongst the marginalized gay community.   (Dockets 68, 76 & 78). When law enforcement interviewed defendant after his arrest, he repeatedly made statements in line with this theory of the case.   (Docket 71-1). Defendant's intent is a crucial element of the charge the government brought. Dr. Meyer's proposed testimony provides a framework for understanding the defense theory and may assist the jury in evaluating the defendant's intent. "The Constitution guarantees criminal defendants a meaningful opportunity

to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 325 (2006) (internal quotation marks omitted). The evidence is relevant and will not prejudice a party or confuse the jury.

Based on the above analysis, it is

ORDERED that the government's objections to Dr. Meyer's testimony (Dockets 68 & 77) are overruled. Dr. Meyer may testify according to the defense expert notice filings. (Dockets 58, 61, 70, 76 & 78).

Dated November 30, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE