UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANDRIES SNYMAN<br><br>　　　　　Defendant. | CR. 16-50102-JLV<br><br>ORDER |

**BACKGROUND**

A jury convicted defendant Andries Snyman of attempted enticement of a minor using the internet. (Docket 96). Defendant timely filed a motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. (Docket 101). The government opposes the motion. (Docket 103).

A grand jury returned an indictment charging defendant with one count of attempted enticement of a minor using the internet, a violation of 18 U.S.C. § 2422(b). (Docket 15). The case culminated in a four-day jury trial. At the close of the government's case-in-chief, in a hearing outside the jury's presence, defendant orally moved for a judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. The court made an oral record and denied his motion. Defendant renewed his motion for a judgment of acquittal at the close of all the evidence for primarily the same reasons he asserted at the close of the government's case-in-chief. The court denied his motion on the same rationale provided in its earlier ruling.

The indictment naming defendant alleged the following:

> On or about the 5th day of August, 2016, in the District of South Dakota, the defendant, Andries Snyman, did use a facility and means of interstate commerce, that is, a cellular phone and computer attached to the Internet, to attempt to knowingly persuade, induce, entice, and coerce an individual who had not yet attained 18 years of age to engage in sexual activity for which the defendant could be charged with a criminal offense, namely, rape in the fourth degree, in violation of South Dakota Codified Law § 22-22-1(5), all in violation of 18 U.S.C. § 2422(b).

(Docket 15 at p. 1).

Instruction Number 4 in the court's jury instructions provided the elements of attempted enticement of a minor using the internet:

> *One*, on or about August 5, 2016, in the District of South Dakota, Mr. Snyman used a cell phone or computer attached to the internet to attempt to knowingly persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity;
>
> > The internet is an instrumentality and channel of interstate commerce.
> >
> > Mr. Snyman is charged with the offense of attempted enticement of a minor using the internet. It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed or coerced to engage in sexual activity. But it is necessary for the government to prove that Mr. Snyman intended to engage in sexual activity with the individual and knowingly and willfully took some action that was a substantial step toward bringing about or engaging in sexual activity.
> >
> > A "substantial step" must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive offense. In order for behavior to be punishable as an attempt it need not be incompatible with innocence, but the conduct must be necessary to the consummation of the offense and be of such a nature that a reasonable observer viewing the conduct in context could conclude beyond a reasonable doubt

2

> that it was undertaken with a design to commit the offense charged.
>
> *Two*, Mr. Snyman believed the individual was less than 18 years of age;
>
>> It is not necessary for the government to prove Mr. Snyman communicated with an actual individual who was less than 18 years of age, but it is necessary for the government to prove Mr. Snyman believed the individual to be under that age.
>
> and
>
> *Three*, if the sexual activity had occurred, Mr. Snyman could have been charged with a criminal offense under South Dakota law.
>
>> It is a criminal offense under South Dakota law for someone who is at least three years older than an individual to engage in an act of sexual penetration with that person if the person has reached 13 years of age but not 16 years of age.
>>
>> "Sexual penetration" means an act, however slight, of sexual intercourse, fellatio, anal intercourse, or any intrusion, however slight, of any part of the body or of any object into the genital or anal openings of another person's body.

(Docket 89 at pp. 6-7). During deliberations, the court received a note from the jury stating:

> In the elements 1-3
>
> Does sexual activity mean "penetration" or the in intent [sic] of sexual penetration? Could we please clarify if we are trying to determine "intent of penetration."
>
> Clarification of "intent" vs. "attempt."

(Docket 99 at p. 1). With defendant present in the courtroom, the court conferred with attorneys for both sides about a proper response. The parties and the court agreed the court would respond with the following:

3

> In order to find Mr. Snyman guilty of attempted enticement of a minor using the internet, the government must prove beyond a reasonable doubt that Mr. Snyman intended to engage in an act of sexual penetration as defined in element three of instruction number 4. The government must prove beyond a reasonable doubt Mr. Snyman had this intent at the time he took a substantial step toward committing attempted enticement of a minor using the internet. The government need not prove the act of penetration could have been accomplished.
>
> Proof of intent is defined in instruction number 5. "Attempt" is defined in element one of instruction number 4.

(Docket 99 at pp. 1-2).

Instruction Number 5 was the court's instruction on "Proof of Intent and Knowledge" and read:

> "Intent" and "knowledge" are elements of the offense charged in this case and must be proven beyond a reasonable doubt. The government is not required to prove the defendant knew that his acts or omissions were unlawful. An act is done "knowingly" if the defendant realizes what he is doing and does not act through ignorance, mistake, or accident. You may consider the evidence of a defendant's words, acts, or omissions, along with all other evidence, in deciding whether the defendant acted knowingly.
>
> Intent may be proven like anything else. You may consider any statements made or acts done by the defendant and all the facts and circumstances in evidence which may aid in a determination of the defendant's intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

(Docket 89 at p. 9).

Neither party ordered the trial transcript, but the court has a clear recollection of the evidence submitted to the jury in this recent trial. The exhibits admitted into evidence at trial constitute a significant portion of the evidence relevant to defendant's pending motion. The jury heard testimony

from various witnesses including Brian Freeouf, Brent Gromer, John Barnes, Irene Summers Temple and Ilan Meyer.

Freeouf testified at trial he created an account on Grindr—an application some gay men use to connect with each other, often for sex—as part of a law enforcement sting operation. Defendant and Freeouf began communicating on Grindr, Freeouf claimed he was a 14-year-old boy and sent defendant a photo of a 14-year-old male associated with law enforcement. They continued sending messages to each other on Grindr, and then they exchanged phone numbers and began texting. Some of the Grindr messages and text messages related to sexual activity. (Exhibits 1 & 2); see Docket 102 at pp. 6-11. Defendant set up a time and place to meet the person with whom he believed he was communicating, he showed up as planned and law enforcement arrested him. Law enforcement proceeded to interrogate defendant, and he denied any intent to engage in sexual activity.

## ANALYSIS

Fed. R. Crim. P. 29(c) gives the district court authority to set aside a guilty verdict and enter an acquittal upon a defendant's post-trial motion. "A district court has very limited latitude in ruling upon a motion for judgment of acquittal." United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004) (citation and internal quotation marks omitted). "A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (citations

5

and internal quotation marks omitted).  This standard is very strict, and the court should not overturn a jury verdict lightly.  Id.

The district court must enter an acquittal if the evidence presented at trial is insufficient to sustain a conviction.  Id.  Evidence may be direct or circumstantial.  Baker, 367 F.3d at 798.  "Evidence supporting a conviction is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Boesen, 491 F.3d at 856 (citation and internal quotation marks omitted).  The district court must not weigh the evidence or assess the credibility of witnesses.  Baker, 367 F.3d at 797; see also Boesen, 491 F.3d at 857 ("In ruling on a motion for a judgment of acquittal, the role of the court is not to weigh the evidence . . . but rather to determine whether the Government has presented evidence on each element to support a jury verdict.") (citations and internal quotation marks omitted) (ellipses in original).

The district court "views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict."  Boesen, 491 F.3d at 856.  In short, the court upholds the jury verdict if "drawing all reasonable inferences in favor of the verdict, there is an interpretation of the evidence that would allow a reasonable minded jury to find the defendant[] guilty beyond a reasonable doubt."  Id. (citations and internal quotation marks omitted; alteration in original).

Defendant argues he is entitled to a judgment of acquittal under Rule 29(c). (Docket 102). "[H]e submits the evidence of his specific intent to achieve an act of sexual penetration is so lacking no reasonably minded jury could conclude beyond a reasonable doubt [he] possessed the required specific intent when he arranged to meet with the Government's fake 14-year-old male." Id. at pp. 4-5. Defendant claims the evidence proved "nothing more than mere suspicion or [the] possibility of guilt[.]" Id. at p. 5.

The government resists defendant's motion. (Docket 103). The government highlights that in "the Grindr chat and text messages[ defendant] wrote about 'gay play' and penis size, condoms, and pain during anal intercourse. Then he took a substantial step towards completing the sex act when he drove to the meeting location." Id. at p. 2.

"The issue here is whether an interpretation of the evidence allows a reasonable-minded jury to find [defendant] guilty, beyond a reasonable doubt, of" attempted enticement of a minor using the internet. See Boesen, 491 F.3d at 856. Because the court concludes that interpretation of the evidence exists, the court finds defendant fails to demonstrate he is entitled to a judgement of acquittal. Defendant's arguments in his post-trial motion largely resemble his motions for acquittal during trial, so the court incorporates the oral record made at trial as a basis for denying defendant's post-trial motion.

Based on trial testimony, Exhibits 1 and 2, the Grindr messages and text messages, the evidence established defendant believed he was communicating with a 14-year-old boy while using a cell phone connected to the internet. The

7

exhibits contain communications defendant sent to Freeouf's undercover persona about engaging in sexual activity with him, including messages referring to acts of sexual penetration. Defendant arranged a time to meet the person with whom he believed he was messaging, and defendant showed up. Based on that record, the court finds a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Boesen, 491 F.3d at 856 (internal quotation marks omitted); see Docket 89 at pp. 6-7 (listing the essential elements). Put another way, the court finds the record fails to establish that "there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. at 855 (internal quotation marks omitted). The court comes to this conclusion after "drawing all reasonable inferences in favor of the verdict[.]" Id. at 856 (internal quotation marks omitted).

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion for a judgment of acquittal (Docket 101) is denied.

Dated January 17, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE